Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jbarrat@weilerlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Lamika McEwen**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Connexus Resource Group, Inc.**, an Arizona company; **Misty Bryant,** an Arizona resident; and **Steven Russell,** an Arizona resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Lamika McEwen ("**Plaintiff**"), for her Verified Complaint against Defendants Connexus Resource Group, Inc (**"Connexus"**); Misty Bryant; and Steven Russell, hereby allege as follows:

## **NATURE OF THE CASE**

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); and A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**").

2. This action is also brought to recover overtime and minimum wage

compensation, liquidated or double damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiff's state law claim is sufficiently related to her federal claims that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute pursuant to 28 U.S.C. § 1367.

6. Plaintiff was employed by Defendants in this District.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff Lamika McEwen resided in the District of Arizona.

8. Plaintiff Lamika McEwen was a full-time employee of Defendants from on or around December 2, 2022, until on or around January 16, 2023 ("**all relevant times**").

9. At all relevant times to the matters alleged herein, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

10. At all relevant times to the matters alleged herein, Plaintiff was an employee of Defendants as defined by A.R.S. § 23-362(A).

11. Defendant Connexus is a company authorized to do business in Arizona.

12. At all relevant times to the matters alleged herein, Defendant Connexus was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

13. At all relevant times to the matters alleged herein, Defendant Connexus was Plaintiff's employer as defined by A.R.S. § 23-362(B).

14. Defendant Misty Bryant is an Arizona resident.

15. Defendant Misty Bryant has directly caused events to take place giving rise to this action.

16. Defendant Misty Bryant is a hiring manager at Connexus.

17. Defendant Misty Bryant has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

18. Defendant Misty Bryant has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

19. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Misty Bryant is an employer.

20. Defendant Misty Bryant had the authority to hire and fire Plaintiff.

21. On or around December 2, 2022, Defendant Misty Bryant interviewed and hired Plaintiff.

22. Defendant Misty Bryant supervised and controlled the conditions of Plaintiff's employment.

23. Defendant Misty Bryant sent Plaintiff all of the on-boarding paperwork and sent her hours to select from.

24. As a person who acted in the interest of the previously identified corporate

entity in relation to the company's employees, Defendant Misty Bryant is subject to individual and personal liability under the FLSA.

25. Defendant Steven Russell is an Arizona resident.

26. Defendant Steven Russell has directly caused events to take place giving rise to this action.

27. Defendant Steven Russell is a manager at Connexus.

28. Defendant Steven Russell has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

29. Defendant Steven Russell has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

30. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Steven Russell is an employer.

31. Defendant Steven Russell supervised and controlled the conditions of Plaintiff's employment.

32. Defendant Steven Russell would run daily Teams meetings.

33. Defendant Steven Russell determined the rate and method of Plaintiff's payment of wages.

34. Defendant Steven Russell was in charge of approving and denying hours.

35. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Steven Russell is subject to individual and personal liability under the FLSA.

36. Plaintiff further informed, believes, and thereon alleges that each of the

Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

37. Defendants, and each of them, are sued in both their individual and corporate capacities.

38. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

39. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

40. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2023.

41. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

42. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

43. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

44. Plaintiff would use the telephone, emails, and text messages to communicate with Defendants.

45. Under the FLSA, Plaintiff is a covered employee under individual coverage.

46. Under the FLSA, Plaintiff is a covered employee under enterprise coverage.

## **FACTUAL ALLEGATIONS**

47. The entity Defendant is a healthcare company.

48. On or around December 2, 2022, Plaintiff commenced employment with Defendants as a customer service representative.

49. Plaintiff's primary job duties included answering customer calls and placing orders.

50. In 2023, Plaintiff was to be paid $13.85 an hour.

51. Plaintiff was a non-exempt employee.

52. Plaintiff was paid well below minimum wage for the hours she worked.

53. Plaintiff received $0.00 from December 7, 2022, until on or around December 22, 2022.

54. Therefore, because she received $0.00 for hours worked, an FLSA and AMWS violation has occurred.

55. Defendants failed to properly compensate Plaintiff for all her overtime and regular hours.

56. Plaintiff is owed for 40 hours of work in the amount of $554.

57. Plaintiff worked in excess of 40 hours per week.

58. Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all her worked overtime hours.

59. In addition, Plaintiff is owed 5 hours of overtime in the amount of $103.88.

60. Defendants were aware that Plaintiff's working hours exceeded 40 hours.

61. Defendants required Plaintiff to work overtime as a condition of her employment.

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

62. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on her next paycheck.

63. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

64. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining her employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

65. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

66. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

67. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

68. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

69. Defendants have intentionally failed and/or refused to pay Plaintiff's minimum wage according to the provisions of the FLSA.

70. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 206.

71. In addition to the amount of unpaid minimum wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

72. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

73. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

74. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

75. Defendants have not made a good faith effort to comply with the FLSA.

76. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

77. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

78. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

79. Defendants intentionally failed and/or refused to pay Plaintiff's full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

80. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

81. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

82. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

83. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

84. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

85. Defendants have intentionally failed and/or refused to pay Plaintiff's overtime wages according to the provisions of the FLSA.

86. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

87. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

88. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

89. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

90. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

91. Defendants have not made a good faith effort to comply with the FLSA.

92. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

　i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

　ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

　iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

　iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

　v. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

　vi. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

Doc ID: deb6a10798082828609711fc36b2e02eee6e808f

to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED March 22, 2023.

**WEILER LAW PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

Doc ID: deb6a10798082828609711fc36b2e02eee6e808f

**VERIFICATION**

Plaintiff Lamika McEwen declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

*Lamika L. McEwen*
_____
Lamika McEwen

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com